IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DAVIOUS MARQUES BOYD,** | : |
| **Plaintiff,** | : |
| V. | : |
| | : NO. 5:24-cv-00062-MTT-CHW |
| **HANCOCK STATE PRISON,** *et al.,* | : |
| **Defendants.** | : |

### ORDER

Plaintiff Davious Marques Boyd, a prisoner in Ware State Prison in Waycross, Georgia, has filed a 42 U.S.C. § 1983 complaint. Compl., ECF No. 1. Plaintiff has also filed a motion to proceed in this action *in forma pauperis*. App. For Leave to Proceed *In Forma Pauperis*, ECF No. 2. This motion, however, is incomplete. A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

Plaintiff has not filed a certified trust fund account statement. This documentation is necessary for the Court to evaluate Plaintiff's motion to proceed *in forma pauperis*. If he wants to proceed with this case, Plaintiff is now **ORDERED** to file a proper and complete certified account statement filled out and signed by the proper prison official. The account statement must also include a printout of Plaintiff's account transactions for the six months before he filed the complaint.

Additionally, Plaintiff's complaint, as currently drafted, does not state a claim for relief. In response to the question regarding the facts underlying his claim, Plaintiff states only that he was "physically assaulted by a group of inmates." Compl. 5, ECF No. 1. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that his rights were violated by a state actor. *Hale v. Tallapoosa Cty*, 50 F.3d 1579, 1582 (11th Cir. 1995). The inmates who alleged assaulted Plaintiff do not qualify as state actors for the purpose of a § 1983 complaint. To the extent that Plaintiff includes a prison officer as a defendant, *see* Compl. 2, ECF No. 1, that officer may be a state actor, but Plaintiff does not allege any facts relating to this officer to show that he violated Plaintiff's rights in any way.[1]

If he wants to proceed with this action, Plaintiff is **ORDERED** to submit a recast complaint on this Court's 42 U.S.C. § 1983 form. The complaint must include a statement of Plaintiff's claims, in which Plaintiff must clearly explain in his own words what each defendant did or did not do that Plaintiff believes violated his constitutional rights. If Plaintiff asserts a claim but does not connect that claim to any defendant, that claim may be subject to dismissal. Likewise, if Plaintiff names a defendant but does not allege any

---

[1] Insofar as Plaintiff asserts that the underlying events occurred in January 2022, it appears that the statute of limitations may have run while this case has been pending. Thus, dismissal of this complaint may effectively act as a dismissal with prejudice. Under these circumstances, Plaintiff will be given one opportunity to amend his complaint to state a claim.

facts to show what the defendant did, that defendant may be subject to dismissal. Plaintiff should state his claims as simply as possible; he also need not use legal terminology or cite any specific statute or case law to state a claim. *See* Fed. R. Civ. P. 8.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his certified account statement and his recast complaint. Additionally, while this case is pending, Plaintiff must promptly notify the Court in writing as to any change in his mailing address. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The **CLERK** is **DIRECTED** to forward Plaintiff a new 42 U.S.C. § 1983 form and the appropriate account certification form along with Plaintiff's service copy of this order (with the civil action number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 20th day of March, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge